# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

BRIAN RAYMOND MARBLE,
Plaintiff,

v.

MARION O'MALLEY, in her individual and official capacities;
ROBERT C. WERT, individually;
JOHN DOE LAW ENFORCEMENT OFFICERS 1–20, in their individual capacities;
JANE DOE PROSECUTORS 1–3, in their individual capacities;
and
DOES 1–10,
Defendants.

FILED
SCRANTON
JAN 09 2025
PER_____ DJ
DEPUTY CLERK

Civil Action No. _3:26-cv-40 -SAC_

# COMPLAINT FOR DECLARATORY, INJUNCTIVE, AND MONETARY RELIEF

**(42 U.S.C. § 1983 — Jury Trial Demanded)**

## I. JURISDICTION AND VENUE

1. This action arises under the Constitution and laws of the United States, including the **Fourth and Fourteenth Amendments** to the United States Constitution and **42 U.S.C. § 1983**.
2. This Court has subject-matter jurisdiction pursuant to **28 U.S.C. §§ 1331 and 1343(a)(3)**.
3. Declaratory relief is authorized by **28 U.S.C. §§ 2201–2202**.
4. Venue is proper in this District under **28 U.S.C. § 1391(b)** because all events giving rise to these claims occurred within this District and Defendants reside or act here.

## II. PARTIES

5. Plaintiff **Brian Raymond Marble** is a natural person and resident of Pennsylvania.
6. Defendant **Marion O'Malley** is the District Attorney of Susquehanna County, Pennsylvania, sued in her individual and official capacities.
7. Defendant **Robert C. Wert** is a private individual who owned or controlled the property at issue and acted jointly with state actors as alleged herein.
8. Defendants **John Doe Law Enforcement Officers 1–5** are officers who participated in Plaintiff's arrest, detention, or enforcement actions described below.

9. Defendants **Jane Doe Prosecutors 1–3** are prosecutors who initiated or continued criminal proceedings with knowledge of exculpatory facts.
10. Defendants **Does 1–10** are unknown persons who participated in, ratified, directed, or failed to prevent the constitutional violations alleged.

# III. STATEMENT OF FACTS

## A. Plaintiff's Lawful Residency and Protected Interests

11. Plaintiff **Brian Raymond Marble** lawfully resided at **11273 State Route 29, Montrose, Pennsylvania**, for an extended period prior to the events at issue.
12. Plaintiff's residency was open, continuous, and known to Defendant **Robert C. Wert**, who exercised ownership or control over the property.
13. Plaintiff maintained the premises as his primary residence, paid utilities in his own name, and conducted lawful personal and business activities at the property.
14. Plaintiff's possession was peaceful and undisputed, and no court had issued any writ of possession, eviction order, or judgment authorizing his removal.
15. As a lawful occupant, Plaintiff possessed **clearly established property and liberty interests** protected by the Fourteenth Amendment, including the right to continued occupancy absent lawful judicial process.

## B. Defendant Wert's Attempted Self-Help Eviction

16. In or about April 2025, Defendant Wert sought to remove Plaintiff from the property without invoking or obtaining any lawful eviction order.
17. Rather than pursue judicial eviction procedures required under Pennsylvania law, Defendant Wert engaged in **self-help eviction tactics**, including efforts to terminate essential utilities.
18. On **June 9, 2025**, Defendant Wert testified under oath at Plaintiff's preliminary hearing that he spent **"two hours on the phone"** with Pennsylvania Electric Company ("PENELEC") attempting to have the electrical service to the occupied dwelling shut off.
19. Termination or attempted termination of essential utilities to force an occupant's removal constitutes unlawful self-help eviction and is void as a matter of law.
20. Defendant Wert's actions were intentional, coercive, and designed to force Plaintiff's displacement without judicial oversight.

## C. State Knowledge, Ratification, and Criminalization

21. Law enforcement officers and prosecutors involved in Plaintiff's case knew or should have known that:
    a. no lawful eviction order existed;
    b. termination of utilities to effect eviction is unlawful; and
    c. Plaintiff's occupancy had not been judicially terminated.
22. Despite this knowledge, state actors treated Plaintiff as unlawfully present and relied on the consequences of the attempted utility termination to justify law enforcement intervention.
23. Plaintiff was arrested, detained, and subjected to criminal prosecution premised on the assertion that he lacked lawful authority to remain on the property.

24. Defendant Wert served as the Commonwealth's primary witness and provided the factual predicate for the prosecution.
25. The prosecution thus depended on the **legal effects of an unlawful eviction**, transforming private illegality into state-enforced deprivation.

## D. Suppression of Exculpatory Context

26. Defendants failed to disclose or meaningfully present to the court that:
    a. no valid eviction had occurred;
    b. any attempted eviction was rendered void by unlawful self-help; and
    c. the alleged lack of privilege was legally impossible under the circumstances.
27. Defendant Wert's admission regarding attempted utility termination was presented without disclosure of its constitutional and legal significance.
28. As a result, judicial officers were deprived of material context necessary to assess probable cause and legality.

## E. Resulting Harm (Including Punitive-Damages Predicate)

29. As a direct and proximate result of Defendants' actions, Plaintiff was arrested, detained, and subjected to ongoing criminal prosecution predicated on an eviction that Defendants knew, or recklessly disregarded, was unlawful and void.
30. Plaintiff suffered a **loss of liberty**, including physical restraint, court-imposed conditions, compulsory court appearances, and the continuing threat of incarceration imposed without lawful probable cause.
31. Plaintiff experienced **disruption of housing security**, including displacement from his residence, loss of access to personal effects, and deprivation of basic necessities caused by Defendants' enforcement of an unlawful self-help eviction.
32. Plaintiff sustained **economic harm**, including loss of income, interruption of business activities, costs associated with alternative shelter, and expenses incurred defending against unconstitutional criminal charges.
33. Plaintiff suffered **reputational injury**, including damage to standing in the community from public criminal accusations known by Defendants to rest on an unlawful predicate.
34. Plaintiff endured **emotional distress**, anxiety, humiliation, and psychological strain associated with criminal prosecution, loss of housing stability, and uncertainty regarding his liberty and livelihood.
35. Defendants' conduct **impaired Plaintiff's ability to prepare and participate meaningfully in his defense**, as the cascading effects of the unlawful eviction and prosecution disrupted access to property, records, and stability necessary for defense preparation.
36. The harms suffered were **foreseeable and intended**, or at minimum **recklessly disregarded**, as Defendants proceeded despite actual or constructive knowledge that self-help eviction is unlawful and cannot extinguish lawful possessory rights.
37. Defendants acted with **willful, malicious, or callous indifference** to Plaintiff's federally protected rights, warranting **punitive damages**.

# IV. CAUSES OF ACTION

# COUNT I

## 42 U.S.C. § 1983

## Fourteenth Amendment — Substantive and Procedural Due Process

## (State-Facilitated Self-Help Eviction)

38. Plaintiff realleges and incorporates Paragraphs 1 through 37.
39. Plaintiff possessed protected property and liberty interests in lawful occupancy.
40. Self-help eviction through termination of essential utilities is unlawful and void.
41. Defendant Wert intentionally engaged in prohibited self-help eviction.
42. State actors knew or should have known no lawful eviction existed.
43. Defendants nevertheless adopted and enforced the unlawful eviction's consequences.
44. Defendants ratified private illegality, converting it into state action.
45. Plaintiff was deprived of liberty and property without due process of law.
46. Defendants' conduct shocks the conscience and violates the Fourteenth Amendment.

# COUNT II

## 42 U.S.C. § 1983

## Fourth Amendment — Unlawful Seizure and Malicious Prosecution

47. Plaintiff realleges and incorporates Paragraphs 1 through 46.
48. Plaintiff was seized through arrest, detention, and prosecution.
49. The charged offenses required proof that Plaintiff lacked lawful privilege to occupy the premises.
50. Plaintiff retained lawful possession at all relevant times.
51. Defendants relied on unconstitutional conduct to fabricate probable cause.
52. The prosecution rested on a legal impossibility.
53. Plaintiff suffered loss of liberty and reputational harm as a result.

# COUNT III

## 42 U.S.C. § 1983

## Fourteenth Amendment — Brady and Giglio Violations

54. Plaintiff realleges and incorporates Paragraphs 1 through 53.
55. Defendants possessed material exculpatory and impeachment evidence negating probable cause.
56. Defendants suppressed or failed to disclose this evidence.
57. The suppressed evidence was favorable and material.
58. Disclosure would have altered prosecutorial and detention decisions.

# COUNT IV

## 42 U.S.C. § 1983

## Joint Action and State Complicity

## (Private Actor Liability)

59. Plaintiff realleges and incorporates Paragraphs 1 through 58.
60. Defendant Wert acted under color of state law through joint participation with state actors.
61. State actors knowingly relied upon and enforced Wert's unlawful conduct.
62. Plaintiff's injuries were the foreseeable result of this joint action.

# COUNT V

## 42 U.S.C. § 1983

## Abuse of Process and Fundamental Fairness

63. Plaintiff realleges and incorporates Paragraphs 1 through 62.
64. Defendants used criminal process to enforce an unlawful eviction.
65. Criminal prosecution substituted for lawful civil eviction procedures.
66. Defendants violated principles of fundamental fairness and ordered liberty.

# COUNT VI

## 42 U.S.C. § 1983

## Municipal Liability — Monell

## (Policy, Practice, and Failure to Train)

67. Plaintiff realleges and incorporates Paragraphs 1 through 66 as if fully set forth herein.
68. Defendant **Susquehanna County**, acting through the **Office of the District Attorney**, is a "person" subject to liability under 42 U.S.C. § 1983.
69. At all relevant times, Defendant **Marion O'Malley**, as District Attorney, acted as a **final policymaker** for Susquehanna County with respect to charging decisions, prosecution practices, training, and supervision of assistant prosecutors.
70. Plaintiff's constitutional injuries were caused by **official policies, practices, or customs** of Susquehanna County, including but not limited to:

a. A policy or custom of **initiating and continuing criminal prosecutions predicated on unlawful self-help evictions**, without verifying the existence of a valid judicial eviction order;

b. A policy or custom of **treating private landlord conduct as legally dispositive** of possessory rights, even where such conduct is unlawful under Pennsylvania law;

c. A failure to train prosecutors and law enforcement officers regarding:
- the illegality of self-help eviction,
- the constitutional significance of utility termination,
- and the requirement that lawful dispossession is an element of trespass- and burglary-based offenses;

d. A policy or custom of **continuing prosecution after learning facts that negate probable cause,** including sworn testimony establishing unlawful eviction;

e. A policy or custom of **suppressing or minimizing exculpatory eviction-related evidence** that negates essential elements of charged offenses.

71. These policies and customs were **widespread, longstanding, and known** to policymakers, or were so obvious that failure to address them constituted deliberate indifference to constitutional rights.
72. Defendant O'Malley had **actual knowledge** that the eviction underlying Plaintiff's prosecution was unlawful, as established by sworn testimony presented by the Commonwealth itself.
73. Despite this knowledge, Defendant O'Malley **affirmatively chose to continue the prosecution,** ratifying unconstitutional conduct and making it official county policy.
74. The County's failure to train, supervise, and discipline prosecutors regarding self-help eviction and probable cause standards created a **highly predictable risk** of constitutional violations.
75. Plaintiff's injuries were the **direct and proximate result** of these municipal policies, customs, and failures.
76. Defendant Susquehanna County is therefore liable under **Monell v. Department of Social Services,** 436 U.S. 658 (1978).

# V. DECLARATORY AND INJUNCTIVE RELIEF

67. Plaintiff seeks a declaration that Defendants' actions violated the United States Constitution.
68. Plaintiff seeks injunctive relief barring continued prosecution or enforcement actions predicated on unlawful self-help eviction.

# VI. DAMAGES

69. Defendants' actions were the actual and proximate cause of Plaintiff's injuries.
70. Plaintiff seeks **compensatory damages** for all injuries suffered.
71. Plaintiff seeks **punitive damages** against individual Defendants to punish and deter willful or recklessly indifferent constitutional violations.

# VII. COSTS, ATTORNEY-EQUIVALENT COMPENSATION, AND PRESERVATION OF FEE CLAIMS

Plaintiff seeks recovery of **costs** and **attorney-equivalent compensation** pursuant to **42 U.S.C. § 1988, 28 U.S.C. § 1920**, and applicable equitable and constitutional principles.

## A. Costs

Plaintiff seeks an award of all **taxable costs** incurred in the prosecution of this action, including but not limited to:

- Filing fees and court costs;
- Service of process and subpoena costs;
- Certified mailing, postage, and document delivery expenses;
- Copying, printing, and exhibit preparation costs;
- Record compilation and evidentiary preservation expenses.

Such costs were necessarily incurred as a direct and proximate result of Defendants' constitutional violations and are recoverable by prevailing pro se litigants under § 1988 and § 1920.

## B. Attorney-Equivalent Compensation as Damages and Equitable Relief

Plaintiff acknowledges that courts have generally declined to award **statutory attorney's fees** under 42 U.S.C. § 1988 to pro se litigants. *See Kay v. Ehrler*, 499 U.S. 432 (1991).

Plaintiff does **not** seek statutory attorney's fees in the traditional fee-shifting sense. Instead, Plaintiff seeks **attorney-equivalent compensation as an element of compensatory damages and equitable relief**, based on the following:

1. Plaintiff was compelled to perform extensive legal labor solely because of Defendants' unconstitutional conduct;
2. That labor included tasks identical to those customarily performed by retained counsel, including:
    - constitutional legal research and analysis;
    - drafting of pleadings, motions, and briefs;
    - evidentiary development and subpoena practice;
    - record preservation and appellate issue framing;
3. The time, labor, and opportunity costs expended constitute **actual economic loss** and compensable injury;
4. Defendants should not receive a windfall merely because Plaintiff lacked the financial ability to retain counsel.

Plaintiff seeks recovery of such attorney-equivalent compensation **not as statutory fees**, but as damages and equitable relief necessary to make Plaintiff whole.

## C. Preservation of Fee Claims Upon Entry of Counsel

Plaintiff expressly preserves the right to seek statutory attorney's fees under 42 U.S.C. § 1988 for any work reviewed, adopted, supplemented, or relied upon by retained counsel should counsel enter an appearance at a later stage of these proceedings.

### D. Remedial Purpose of § 1988

Plaintiff further alleges that denying any form of compensation where a civil-rights plaintiff is forced, by necessity, to proceed pro se would undermine the remedial purpose of § 1988 and discourage private enforcement of constitutional rights.

Accordingly, Plaintiff seeks all costs, damages, equitable relief, and such other compensation as the Court deems just and proper.

# VIII. JURY DEMAND

73. Plaintiff demands a trial by jury on all issues so triable.

**Respectfully submitted,**

**Brian Raymond Marble**
Plaintiff, Pro Se
59 North Canal Street
Greene, New York 13778
570-892-6907
brianmarblelaw@gmail.com

Brian Raymond Marble
59 North Canal Street
Greene, New York 13778
brianmarblelaw@gmail.com

RECEIVED
SCRANTON

JAN 09 2026

PER_____
DEPUTY CLERK

Retail

U.S. POSTAGE PAID
FCM LG ENV
GREENE, NY 13778
JAN 05, 2026

18503 $2.72

RDC 99 R2305H126656-5

Clerk of Court
United States District Court
Middle District of Pennsylvania
Scranton Division
235 North Washington Avenue
Scranton, PA 18503

1. JS-44 – Civil Cover Sheet
2. AO-240 – Application to Proceed In Forma Pauperis
3. Complaint for Declaratory, Injunctive, and Monetary Relief
4. Emergency Motion for Temporary Restraining Order &
   Preliminary Injunction
5. Memorandum of Law in-Support of Emergency Injunctive Relief
6. Verified Declaration of Brian Raymond Marble
7. Exhibit BRMVMOM-A Cover Sheet
8. Exhibit BRMVMOM-A Transcript Excerpt_June 9th 2025
9. Plaintiff's Proposed Findings of Fact & Conclusions of Law
10.  Proposed Order Granting Temporary Restraining Order
11.  Proposed Order Granting Preliminary Injunction