3:26-cv-40

# MEMORANDUM OF LAW IN SUPPORT OF EMERGENCY INJUNCTIVE RELIEF

## I. Younger Abstention Is Not Absolute

Although federal courts ordinarily refrain from interfering with ongoing state criminal proceedings, **Younger abstention admits of narrow but critical exceptions**.

*Younger v. Harris*, 401 U.S. 37 (1971).

## II. Applicable Exception: Prosecution Based on Legal Impossibility and Bad Faith

Federal intervention is permitted where:

1. The prosecution is undertaken in **bad faith**, or
2. The prosecution is based on a **statute or predicate that is flagrantly unconstitutional**, or
3. The prosecution presents **extraordinary circumstances** resulting in irreparable injury.

*Kugler v. Helfant*, 421 U.S. 117 (1975);
*Gibson v. Berryhill*, 411 U.S. 564 (1973).

## III. This Case Falls Squarely Within the Exception

1. The prosecution depends on a **legal impossibility**: termination of possessory rights through unlawful self-help eviction.
2. Defendants possess **actual knowledge** of the illegality, established by sworn testimony presented by the Commonwealth itself.
3. Continuing prosecution under these circumstances:
    - lacks any legitimate state interest,
    - violates clearly established constitutional law, and
    - inflicts ongoing irreparable harm.
4. Courts routinely hold that **prosecutions lacking probable cause as a matter of law** fall outside Younger's protection.

See *Manuel v. City of Joliet*, 580 U.S. 357 (2017).

## IV. Extraordinary Circumstances Exist

- Plaintiff faces ongoing loss of liberty.
- The prosecution is structurally unconstitutional.
- No adequate state remedy exists to prevent the harm before trial.

Federal intervention is therefore warranted.

FILED
SCRANTON
JAN 09 2025
PER DT
DEPUTY CLERK

## V. Conclusion

Because the prosecution rests on an unlawful predicate and causes ongoing constitutional injury, **Younger abstention does not bar injunctive relief.**

**Brian Raymond Marble**
Plaintiff, Pro Se
59 North Canal Street
Greene, New York 13778
570-892-6907
brianmarblelaw@gmail.com

JANUARY 2ND 2026

# VERIFIED DECLARATION OF BRIAN RAYMOND MARBLE

## DECLARATION OF BRIAN RAYMOND MARBLE

I, **Brian Raymond Marble**, declare as follows:

1. I am the Plaintiff in this action and make this declaration based on personal knowledge.
2. I lawfully resided at **11273 State Route 29, Montrose, Pennsylvania** prior to the events giving rise to this case.
3. I was never served with a valid eviction order or writ of possession.
4. While I remained in possession, my landlord attempted to have electrical service terminated to force my removal.
5. At my **June 9, 2025 preliminary hearing**, the landlord admitted under oath that he spent "two hours on the phone" attempting to have the power shut off.
6. Despite this admission, I was arrested and prosecuted on the claim that I lacked lawful authority to remain on the property.
7. I remain subject to ongoing criminal prosecution, court-ordered conditions, and the threat of incarceration.
8. The prosecution has caused me severe emotional distress, financial harm, and reputational injury.
9. Each day the prosecution continues, I suffer ongoing and irreparable harm.
10. I seek emergency relief solely to prevent continued unconstitutional prosecution.
11. Attached as Exhibit A is a true and accurate excerpt of sworn testimony given by Defendant Robert C. Wert at the June 9, 2025 preliminary hearing.

I declare under penalty of perjury that the foregoing is true and correct.

**Brian Raymond Marble**
Plaintiff, Pro Se
59 North Canal Street
Greene, New York 13778
570-892-6907
brianmarblelaw@gmail.com

Brian Raymond Marble

BRIAN RAYMOND Marble

JANUARY 2ND 2026