**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| BRIAN RAYMOND MARBLE, | : | NO. 3:26-CV-00040 |
| Plaintiff, | : | |
| | : | (MUNLEY, D.J.) |
| v. | : | |
| | : | (CAMONI, M.J.) |
| MARION O'MALLEY, *et al.* | : | |
| Defendants. | : | |

**REPORT AND RECOMMENDATION**

On January 12, 2026, the Court granted Plaintiff Brian Marble's motion for leave to proceed *in forma pauperis*. Doc. 7. Pursuant to its obligation under 28 U.S.C. § 1915(e)(2), the undersigned has reviewed Marble's *pro se* Complaint (doc. 1) and finds that it fails to state a claim for which relief may be granted. The undersigned recommends that the Court dismiss the Complaint without prejudice.

Also pending before the Court is Marble's motion for temporary restraining order. Doc. 3. Because Marble seeks to enjoin an ongoing state criminal prosecution, the undersigned recommends that the Court deny the motion.

## I.    BACKGROUND

Marble alleges the following facts, which the Court takes as true for the purposes of screening this *pro se* complaint pursuant to § 1915(e)(2): In April 2025, Defendant Robert Wert, the owner of a residential property in Montrose, Pennsylvania (the Property), sought to evict Marble, a lawful resident of the Property. Complaint, doc. 1 ¶¶ 6, 11, 16.

As alleged, Wert used self-help eviction tactics, including shutting off Marble's utilities, to remove Marble from the Property. *Id.* ¶¶ 16-18. At some point in time, Marble "was arrested, detained, and subjected to ongoing criminal prosecution" premised on the assertion that he lacked a lawful authority to remain on the Property. *Id.* ¶ 29.

On January 9, 2026, Marble filed the instant Complaint against Defendant Wert and various state officials, including law enforcement officers and prosecutors, and moved for leave to proceed *in forma pauperis*. Docs. 1-2. The Court granted Marble's motion. January 12, 2026, Order, doc. 7. In the Complaint, Marble alleged six causes of action arising under 42 U.S.C. § 1983: (1) Fourteenth Amendment due process; (2) Fourth Amendment unlawful seizure and malicious prosecution; (3) Brady and Giglio violations; (4) Joint action and state complicity; (5)

Abuse of process and fundamental fairness; and (6) Municipal Liability –

Monell. *Id.* ¶¶ 38-70. Marble seeks damages and declaratory and

injunctive relief barring continued prosecution or enforcement actions.

*Id.* ¶¶ 37-71. Marble has also moved for a temporary restraining order

and preliminary injunction. Doc. 3.

## II.   LEGAL STANDARD

This Court has a statutory obligation to conduct a preliminary

review of *pro se* complaints brought by litigants given leave to proceed *in*

*forma pauperis*. Specifically, the Court is obliged to review the complaint

in accordance with 28 U.S.C. § 1915(e)(2), which provides, in pertinent

part:

> (2) Notwithstanding any filing fee, or any portion thereof, that
> may have been paid, the court shall dismiss the case at any
> time if the court determines that –
>
>> (A) the allegation of poverty is untrue; or
>>
>> (B) the action or appeal--
>>
>>> (i) is frivolous or malicious;
>>>
>>> (ii) fails to state a claim on which relief may be
>>> granted; or
>>>
>>> (iii) seeks monetary relief against a defendant who is
>>> immune from such relief.

In performing this mandatory screening function, the Court applies the same standard that is used to evaluate motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, which provides that a complaint should be dismissed for "failure to state a claim upon which relief can be granted." The United States Court of Appeals for the Third Circuit has observed the evolving standards governing pleading practice in the federal courts, stating that "pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss." *Fowler v. UPMC Shadyside,* 578 F.3d 203, 209–10 (3d Cir. 2009). "[A] complaint must do more than allege the plaintiff's entitlement to relief." *Id.* at 211.  It also "has to 'show' such an entitlement with its facts." *Id.*

To test the sufficiency of the complaint under Rule 12(b)(6), the court must conduct the following three-step inquiry:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." *Iqbal,* 129 S.Ct. at 1947.  Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 1950.  Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Id.*

Page 4 of 16

*Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010).

A complaint filed by a *pro se* litigant is to be liberally construed and "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007), quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976). Nevertheless, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013). Thus, a well-pleaded complaint must contain more than mere legal labels and conclusions. Even a *pro se* complaint must recite factual allegations that are enough to raise the Plaintiff's claimed right to relief beyond the level of mere speculation

## III.   ANALYSIS

As explained further below, the Complaint suffers from several fatal defects. First, Marble failed to allege any facts that would demonstrate that Wert, whom he concedes is "a private individual" (doc. 1 ¶ 7), is a state actor under § 1983. Second, Marble has pleaded insufficient facts to support a Fourteenth Amendment due process claim because Marble failed to allege a possessory interest in the Property. *Id.* ¶¶ 11, 15. Third, to the extent Marble is seeking relief from an "ongoing

criminal prosecution" (*id.* ¶ 29), the Court must abstain from exercising jurisdiction under the *Younger* abstention doctrine. *See Sprint Commc'n, Inc. v. Jacobs*, 571 U.S. 69, 75, 78 (2013), citing *Younger v. Harris*, 401 U.S. 37 (1971).  Fourth, because Marble's constitutional claims do not survive, Marble's *Monell* claim fails.

Marble's motion for a temporary restraining order should also be denied based on *Younger* abstention. The undersigned recommends that the Court deny Marble's motion for a temporary restraining order and dismiss Marble's Complaint without prejudice. The undersigned first discusses the preliminary review of the Complaint pursuant to 28 U.S.C. § 1915(e)(2), before turning to Marble's motion for a temporary restraining order.

### A.    The Complaint fails to state a claim.

The undersigned begins with the threshold issue in a § 1983 case: whether a defendant acted under color of state law in depriving a plaintiff's constitutional rights. *Groman v. Township of Manalapan*, 47 F.3d 628, 638 (3d Cir. 1995) ("The color of state law element is a threshold issue.").

### 1.    *Wert is not a state actor*

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Although not an agent of a state, a private party who willfully participates in a joint conspiracy with state officials to deprive a person of a constitutional right acts "under color of state law" for purposes of § 1983. *Abbott v. Latshaw*, 164 F.3d 141, 147-48 (3d Cir. 1998).

Here, the Complaint contains only conclusory allegations and is devoid of facts that reflect joint action between Wert, "a private individual" (doc. 1 ¶ 7), and state officials. Other than alleging that Wert "acted jointly with state actors as alleged herein" (*id.*), Marble fails to allege any facts to indicate that Wert acted jointly with state officials to deprive Marble of his constitutional rights. The only factual allegations against Wert demonstrate that Wert acted alone in attempting to evict Marble by shutting off utilities. *Id.* ¶ 17.

Moreover, a landlord utilizing state procedures for eviction such as calling the police or attempting to perform a citizen's arrest do not render

a private individual a state actor. *See Parr v. Colantonio*, 844 F. App'x 476, 478-79 (3d Cir. 2021) (finding that a tenant did not show that landlord was a state actor as required under § 1983). Because Marble failed to show that Wert is a state actor under § 1983, Marble's claims against Wert should be dismissed.

> **2.  *Marble pleads insufficient facts to raise a plausible Fourteenth Amendment due process claim.***

Marble asserts a claim based on a violation of a right to due process protected by the Fourteenth Amendment. Doc. 1 ¶¶ 38-46. The Due Process Clause of the Fourteenth Amendment provides that a state shall not "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. "The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) (citation modified). It is well-established that due process protects possessory interests in property. *Abbott*, 164 F.3d at 146. As a threshold matter, a plaintiff must demonstrate that she or he possessed an interest protected by the Fourteenth Amendment to bring a due process claim. *See Acierno v. Cloutier*, 40 F.3d 597, 616 (3d Cir. 1994).

Here, Marble does not allege what possessory interest he had in the Property. *See* doc. 1 ¶¶ 11, 15 (stating generally that he "lawfully resided" at the Property and was a "lawful occupant."). Other than alleging that he resided in or occupied the property, Marble does not plead any facts that indicate a legal possessory interest in the Property. For instance, Marble could allege that he is a tenant with legal possessory interests under a lease, but does not. And under Pennsylvania law, simply occupying a property does not create a landlord-tenant relationship. *See Assouline v. Reynolds*, 219 A.3d 1131, 1138-39 (Pa. 2019) (discussing essential elements of a landlord-tenant relationship); *Mirizio v. Joseph*, 4 A.3d 1073, 1089 (Pa. Super. Ct. 2010) ("A tenant is one who occupies the premises of another in subordination to the other's title and with his assent, express or implied."). Because Marble fails to allege a possessory interest in the Property, the Court should dismiss Marble's due process claim.[1]

---

[1] Marble also fails to allege that state courts lack remedies to vindicate his due process rights. Indeed, he alludes to a preliminary hearing in the Complaint. *See* doc. 1 ¶ 18. Thus, it appears Marble can continue to seek due process in the state forum rather than in a federal court. *See Albright v. Oliver*, 510 U.S. 266, 284 (1994) (Kennedy, J., concurring) (noting line of cases holding that deprivation of interests protected by the Due

### 3. *Marble's claims implicating his ongoing criminal prosecution are barred under Younger abstention.*

Marble's claims in Counts II, III, and V implicate an "ongoing criminal prosecution" (doc. 1 ¶ 29), that Marble seeks to enjoin. *See id.* ¶ 68 ("Plaintiff seeks injunctive relief barring continued prosecution.").

This Court has an obligation to abstain from considering certain types of cases pursuant to the principles of *Younger v. Harris*, 401 U.S. 37 (1971). "To promote comity between the national and state governments," the *Younger* abstention doctrine "requires federal courts to abstain from deciding cases that would interfere with certain ongoing state proceedings." *Malhan v. Sec'y U.S. Dep't of State*, 938 F.3d 453, 461 (3d Cir. 2019), citing *Sprint*, 571 U.S. at 77-78.

As the Third Circuit has explained, "*Younger* abstention is a legal doctrine granting federal courts discretion to abstain from exercising jurisdiction over a claim when resolution of that claim would interfere with an ongoing state proceeding." *Kendal v Russell*, 572 F.3d 126, 130 n.3 (3d Cir. 2009), citing *Younger*, 401 U.S. at 41. The doctrine

_____

Process Clause "cannot be challenged under 42 U.S.C. § 1983 so long as the State provides an adequate postdeprivation remedy.").

contemplates three legal requirements that must be met before a court exercises its discretion to abstain: "(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal claims." *Kendall*, 572 F.3d at 131, citing *Matusow v. Trans-County Title Agency, LLC*, 545 F.3d 241, 248 (3d Cir. 2008). Courts have frequently abstained from hearing claims that necessarily interfere with ongoing state criminal cases. *See Lui v. Comm'n on Adult Ent. Establishments*, 369 F.3d 319 (3d Cir. 2004); *Zahl v. Harper*, 282 F.3d 204 (3d Cir. 2002).

Here, Marble's claims in Counts II (unlawful seizure and malicious prosecution), III (Brady and Giglio violations), and V (abuse of process and fundamental fairness) arise out of his ongoing state criminal prosecution, as do any claim against a law enforcement officer or prosecutor. Doc. 1 ¶¶ 29, 47-53, 54-58, 63-66. Thus, the requirements for *Younger* abstention—ongoing state proceedings that implicate important state interests and give the plaintiff an adequate opportunity to raise his claims—are met. *See Brown v. Pa.*, No. 25-1240, 2025 WL 4229129, at *3 (M.D. Pa. July 22, 2025) (recommending *Younger* abstention on

constitutional claims based on an ongoing state criminal prosecution), *report and recommendation adopted*, No. 25-1240, 2026 WL 385411 (M.D. Pa. Feb. 11, 2026). Because the Court should abstain from considering Marble's claims while his criminal charges are still pending in state court, the Court should dismiss Counts II, III, and V, without prejudice to Marble refiling after the conclusion of his state criminal case. *Golden v. Heap*, No. 25-618, 2025 WL 1560163, at *1 (M.D. Pa. June 2, 2025) (Munley, J.) (adopting report and recommendation which recommended application of *Younger* abstention to claims arising out of an ongoing state criminal prosecution).

### 4.    *Monell Claim*

Marble also raises a *Monell*, or municipal § 1983, claim. Doc. 1 ¶¶ 67-76. Under the Supreme Court's directive in *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978), "[w]hen a suit against a municipality is based on § 1983, the municipality can only be liable when the alleged constitutional transgression implements or executes a policy, regulation or decision officially adopted by the governing body or informally adopted by custom." *Beck v. City of*

*Pittsburgh*, 89 F.3d 966, 971 (3d Cir. 1996), citing *Monell*, 436 U.S. at 658.

Here, Marble's *Monell* claim fails because, as explained above, Marble failed to establish his underlying constitutional claims. A suit under § 1983 does not itself create any substantive right. *See, e.g., Gonzaga Univ. v. Does*, 536 U.S. 273, 285 (2002). And "without an underlying constitutional violation, there can be no *Monell* claim." *Knellinger v. York St. Prop. Dev., LP*, 57 F. Supp. 3d 462, 471 (E.D. Pa. 2014); *see also City of Los Angeles v. Heller*, 475 U.S. 796 (1986) ("If a person has suffered no constitutional injury . . . , the fact that the departmental regulations might have *authorized* the use of constitutionally excessive force is quite beside the point."). Marble's *Monell* claim against the Defendants, therefore, should also be dismissed.

**B.    The motion for temporary restraining order should be denied.**

Marble moved for a temporary restraining order and preliminary injunction under Federal Rule of Civil Procedure 65 to enjoin the Defendants from "continuing prosecution predicated on the alleged

eviction." Doc. 3 at 3.[2] As noted above, under the *Younger* abstention principles, the Court should abstain from enjoining an "ongoing criminal prosecution." Doc. 1 ¶ 29.

Marble argues that *Younger* abstention is nonetheless inappropriate because extraordinary circumstances exist, as: (1) he faces an ongoing loss of liberty; (2) the prosecution is structurally unconstitutional; and (3) no adequate state remedy exists to prevent the harm before trial. Doc. 4 at 1.

Marble has not alleged nor has he demonstrated any procedural bar to raising his constitutional claims and defenses in the state proceedings.

---

[2] The standard for analyzing a motion for a temporary restraining order is the same as that for a motion seeking a preliminary injunction. *See Little v. Mottern*, No. 14-953, 2015 WL 5954350, at *1 (M.D. Pa. Oct. 13, 2015). "Preliminary injunctive relief is 'an extraordinary remedy' and 'should be granted only in limited circumstances.'" *Kos Pharms., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004), quoting *American Tel. & Tel. Co. v. Winback & Conserve Program, Inc.*, 42 F.3d 1421, 1427 (3d Cir. 1994). In determining whether to grant such injunctive relief, district courts are to consider the following four factors: (1) likelihood that the moving party will prevail on the merits at final hearing; (2) the extent to which the moving party is being irreparably harmed by the conduct complained of; (3) the extent to which the non-moving party will suffer irreparable harm if the preliminary injunction is issued; and (4) whether granting preliminary injunctive relief will be in the public interest. *Ramsay v. Nat'l Bd. of Med. Examiners*, 968 F.3d 251, 256 (3d Cir. 2020).

Without some showing of a procedural bar, the presumption is that "[s]tate courts are every bit as competent to deal with the [plaintiff's] claims . . . as are the federal courts and this, of course, includes the ability to address claims under both the State constitution and the Federal constitution." *Lui*, 369 F.3d at 326. Because *Younger* abstention applies to an ongoing criminal prosecution, and Marble has not shown that the state court is "incapable of fairly and fully adjudicating the federal issues," the Court should deny his motion for a temporary restraining order. *Jaffery v. Atlantic Cnty. Prosecutor's Off.*, 695 F. App'x 38, 41 (3d Cir. 2017), quoting *Kugler v. Helfant*, 421 U.S. 117, 124 (1975).

## IV.   LEAVE TO AMEND

The Third Circuit instructs this Court to grant leave to amend when an *in forma pauperis* plaintiff has filed a complaint subject to dismissal under Rule 12(b)(6), unless amendment would be inequitable or futile. *Mullin v. Balicki*, 875 F.3d 140, 151 (3d Cir. 2017); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). In consideration of Marble's status as a *pro se* litigant, the undersigned recommends that the Court allow an opportunity to correct deficiencies in his pleadings as noted in this report and recommendation.

## V.    RECOMMENDATION

Accordingly, the undersigned respectfully recommends that:

(1)    The motion for temporary restraining order (doc. 3) be **DENIED**;

(2)    The Complaint (doc. 1) be **DISMISSED** without prejudice; and

(3)    The Clerk of Court be **DIRECTED** to **CLOSE** this case.

The parties are further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses, or recommit the matter to the magistrate judge with instructions.

Date: April 1, 2026                    s/ *Sean A. Camoni*
                                       Sean A. Camoni
                                       United States Magistrate Judge