## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BRIAN RAYMOND MARBLE,** | : | **No. 3:26cv40** |
| **Plaintiff** | : | |
| | : | **(Judge Munley)** |
| | : | |
| **v.** | : | **(Magistrate Judge Camoni)** |
| | : | |
| **MARION O'MALLEY, in her** | : | |
| **individual and official capacities,** | : | |
| **et al.,** | : | |
| **Defendants** | : | |

## ORDER

In this matter, Plaintiff Brian Raymond Marble asserts claims under 42 U.S.C. § 1983 against Marion O'Malley, the District Attorney of Susquehanna County, Pennsylvania, and his former landlord as well as law enforcement officers and prosecutors. (Doc. 1, Compl.).  His AI-aided pro se complaint[1], liberally construed, advances claims for violations of his Fourth and Fourteenth Amendment rights, which relate to what plaintiff describes as an unlawful self-help eviction accomplished with the aid of criminal proceedings.  The plaintiff has

---

[1] On page seven of Marble's complaint, the allegations switch from numbered paragraphs to an A-B-C-D-organized briefing format regarding "attorney-equivalent compensation."  Marble (or his AI-tool) appears to have invented a legal doctrine, which the court has not found in any state or federal jurisprudence, and presented it as established terminology to get around the general rule that pro se litigants are not entitled to fees under 42 U.S.C. § 1988 in a civil rights action. See Kay v. Ehrler, 499 U.S. 432, 438 (1991).  In this variety of hallucination, the AI-model appears to have provided the plaintiff with a legal doctrine that he wanted to exist without it actually existing.

also filed an accompanying AI-aided motion for a temporary restraining order ("TRO") along with an AI-aided brief in support.[2]  Per the motion, Marble "is currently subject to criminal prosecution predicated on alleged criminal trespass and/or burglary." (Doc. 3 at 1).  The motion references Marble's ostensible preliminary hearing testimony, presented as an "Excerpt of an Official Court Transcript," where plaintiff's former landlord testified that he evicted the plaintiff and that plaintiff kept returning to the properties.[3] (Doc. 1-2).  The criminal case in Susquehanna County appears to be ongoing.

The court referred this matter to United States Magistrate Judge Sean A. Camoni for preliminary review of the complaint under 28 U.S.C. § 1915(e)(2) and the issuance of a Report and Recommendation ("R&R").  Magistrate Judge Camoni subsequently issued an R&R recommending that: 1) the TRO motion be denied based upon Younger abstention principles; and 2) the complaint be dismissed without prejudice, but with leave to amend provided.

---

[2] For example, in his numbered-list and bullet-pointed brief in support of a TRO, Marble (or his large language model) offers: "4. Courts routinely hold that **prosecutions lacking probable cause as a matter of law** fall outside Younger's protection. See Manuel v. City of Joliet, 580 U.S. 357 (2017)." (Doc. 4 at 1) (emphasis in plaintiff's brief).  Manuel, however, does not reference Younger v. Harris, 401 U.S. 37 (1971) or the Younger doctrine in any respect.  In this variety of hallucination, the AI-model appears to have provided the plaintiff with a fabricated holding attributed to a real case.

[3] The transcript does not resemble a transcript formatted by a stenographer.  Rather, it resembles something prepared by the plaintiff or by an AI service.

2

The R&R was issued on April 1, 2026.  Parties enjoy 14 days to file objections to an R&R after being served with a copy of the recommended disposition. FED. R. CIV. P. 72(b)(2); M.D. PA. L.R. 72.3.   No objections to the R&R were filed and the time for such filing has passed.  Plaintiff has not otherwise requested an extension of time.  The R&R is thus ready for review.

In deciding whether to adopt the report and recommendation when no timely objection is filed, the court must determine if a review of the record evidences plain error or manifest injustice. FED. R. CIV. P. 72(b), 1983 Advisory Committee Notes ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record to accept the recommendation"); see also 28 U.S.C. § 636(b)(1); Sullivan v. Cuyler, 723 F.2d 1077, 1085 (3d Cir. 1983).

After review, the court finds neither clear error on the face of the record nor a manifest injustice.  The court will accept the R&R and adopt its recommendations with caveats the court deems necessary in this case.

In this case, Magistrate Judge Camoni reached the merits of the allegations in the complaint and determined that the plaintiff either advanced allegations that failed to state a claim or sought to proceed with claims that would interfere in the state criminal proceedings.  With respect to the motion for a TRO, the magistrate judge explained why Younger abstention precludes the court from enjoining state

3

court criminal proceedings in a situation where the plaintiff has summarily raised recognized exceptions to Younger, but has not supported them with factual allegations.  The cogent analysis of the R&R need not be repeated here.

Therefore, it is hereby **ORDERED** that:

1) The R&R, (Doc. 8), is **ADOPTED**.

2) Plaintiff's motion for a TRO, (Doc. 3), is **DENIED**.

3) Plaintiff's complaint, (Doc. 1), is **DISMISSED** without prejudice with leave to file an amended complaint no later than 30 days after the conclusion of state criminal proceedings.

4) The court **ADMONISHES** Plaintiff Brian Raymond Marble for misrepresenting United States Supreme Court precedent in his TRO motion.

5) Should plaintiff file an amended complaint or any future motion, brief, or other paper with the court, he shall file a separate affidavit or declaration disclosing whether generative AI tools have been used to prepare the filing.

6) Such disclosure shall include reference to the AI tool used and an explanation as to how it was used.

7) Plaintiff shall also certify that he has reviewed each citation to legal authority or to the record and that he has personally checked the accuracy of the citation and the proposition for which it is offered.

8) Pending the filing of any amended complaint, the Clerk of Court shall close this case.

Date: _4/27/26_

BY THE COURT:

JUDGE JULIA K. MUNLEY
United States District Court